IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL HIDALGO, *Appellant*, | § § § | |
| v. | § | CIVIL ACTION NO. 4:24cv2098 |
| THE STATE OF TEXAS, *Appellee*. | § § § § | |

## MEMORANDUM AND RECOMMENDATION

Michael Hidalgo, through counsel, filed what is labeled "Petition for Review Appellant's Appeal From the Adverse Actions of the Supreme Court of Texas in Violation of his Constitutional Rights." ECF 1. The Court recommends that this case be dismissed without prejudice for lack of subject matter jurisdiction. *Ruiz v. Brennan*, 851 F.3d 464, 473 (5th Cir. 2017) (holding dismissal without prejudice is proper when the district court dismisses a case for lack of subject matter jurisdiction).

### I.  Background

Hidalgo represents that he was convicted of burglary of a habitation on January 1, 1991 in the 176th District Court of Harris County, Texas and sentenced to eight years in prison. ECF 1 at 3. His sentence "legally ended" on January 1, 1999. *Id.*

On July 27, 2023 Hidalgo filed a "Writ of Error Coram Nobis" in the 176th

Harris County District Court, which was denied by the trial court on January 25, 2024. *Id.* On April 9, 2024, the 1st District Court of Appeals denied his appeal because "[t]he Court of Criminal Appeals has long held that the common law writ of coram nobis is inapplicable in Texas." *Hidalgo v. State*, No. 01-24-00209-CR, 2024 WL 1513853, at *1 (Tex. App.—Houston [1st Dist.] Apr. 9, 2024, n.p.h.).[1] Hidalgo attempted to appeal to the Texas Supreme Court but "had Petition returned erroneously to [him] with instructions to file said Writ in the Court of Criminal Appeals, when a Writ of Error Coram Nobis is a completely Civil Manner." ECF 1 at 3-4. Hidalgo then filed on June 4, 2024 this appeal of the Texas Supreme Court's decision to refuse his petition.

II.    Analysis

The Court has an obligation to assure itself of subject matter jurisdiction sua sponte if not raised by a party. *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (recognizing that "sua sponte dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction."); *Fernandez v. Brosas*, No. CV H-23-4301, 2024 WL 3070183, at *1 (S.D. Tex. June 18, 2024) (stating "[a] federal court has a duty to examine, at any time during a proceeding, the threshold question of whether it has

---

[1] "A petition for writ of coram nobis is a writ of error directed to a court requesting it to review its own judgment based on alleged errors of fact." *Padilla v. State*, No. 13-21-00093-CR, 2021 WL 2371515, at *1 (Tex. App.—Corpus Christi-Edinburgh June 10, 2021, no pet.). Texas Courts of Appeals have jurisdiction to review final judgments of trial courts but have no jurisdiction to consider an appeal from a denial of a writ of coram nobis. *Id.*

subject-matter jurisdiction").

In considering whether the Court has subject matter jurisdiction, the Court first makes clear what Hidalgo's filing is not. Hidalgo's filing is not a petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241, 2254. Hidalgo is not in custody, as required to trigger habeas relief. *See* 28 U.S.C. § 2241(c) (providing that the writ of habeas corpus does not extend to a prisoner unless he is in custody). Hidalgo's filing is not a Complaint for violation of civil rights under 42 U.S.C. § 1983 which, in any event, would be barred by Texas's Eleventh Amendment sovereign immunity. *See Thornton v. Dallas Cnty.*, No. 3:23-CV-1945-D, 2024 WL 3357840, at *1 (N.D. Tex. July 10, 2024) (holding the State of Texas is entitled to Eleventh Amendment sovereign immunity in a § 1983 action, citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)). Instead, Hidalgo filed what he expressly denotes as an appeal of the state court's denial of his petition for Writ of Error Coram Nobis.[2] ECF 1.

"The *Rooker-Feldman* doctrine[3] deprives federal district courts of subject-matter jurisdiction over claims that are collateral attacks on the final judgment of a state court." *Dennison v. Texas*, No. CV H-23-3108, 2024 WL 1859962, at *3 (S.D.

---

[2] Federal Rule of Civil Procedure 60(e) expressly abolished writs of coram nobis and coram vobis in civil cases in federal court.

[3] The *Rooker-Feldman* doctrine is named from the Supreme Court cases *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415 (1923).

Tex. Apr. 26, 2024); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining that the *Rooker-Feldman* doctrine precludes a losing state court litigant from seeking review, relief, or a remedy from a prior state court judgment in federal court). Hidalgo's filing in this case presents a classic example of a case that is barred by the *Rooker-Feldman* doctrine. This Court lacks subject matter jurisdiction over Hidalgo's appeal of the Texas Supreme Court's decision to reject his Writ of Error Coram Nobis.

### III.   Conclusion and Recommendation

The Court recommends that this case be dismissed without prejudice for lack of subject matter jurisdiction.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 23, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge